UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE

Frank M. Tieff, III

   v.                                        Civil No. 07-cv-315-PB

State of New Hampshire

**O R D E R**

Before the Court is Frank Tieff's petition for a writ of habeas corpus, filed pursuant to 28 U.S.C. § 2254. The matter is before me for preliminary review. See Rule 4 of the Rules Governing § 2254 proceedings ("§ 2254 Rule") (requiring initial review to determine whether the petition is facially valid); United States District Court for the District of New Hampshire Local Rule ("LR") 4.3(d) (authorizing magistrate judge to preliminarily review pro se filings).

### Standard of Review

Under this Court's local rules, when a plaintiff commences an action pro se and in forma pauperis, the magistrate judge is directed to conduct a preliminary review. LR 4.3(d). In conducting the preliminary review, the Court construes pro se pleadings liberally, however inartfully pleaded. See Erickson v.


Pardus, ___ U.S. ___, 127 S. Ct. 2197, 2200 (2007) (following Estelle v. Gamble, 429 U.S. 97, 106 (1976) and Haines v. Kerner, 404 U.S. 519, 520-21 (1972) to construe pro se pleadings liberally in favor of the pro se party).  "The policy behind affording pro se plaintiffs liberal interpretation is that if they present sufficient facts, the court may intuit the correct cause of action, even if it was imperfectly pled."  See Castro v. United States, 540 U.S. 375, 381 (2003) (noting that courts may construe pro se pleadings so as to avoid inappropriately stringent rules and unnecessary dismissals of claims); Ahmed v. Rosenblatt, 118 F.3d 886, 890 (1st Cir. 1997).  All of the factual assertions made by a pro se plaintiff and inferences reasonably drawn therefrom must be accepted as true.  See id. This review ensures that pro se pleadings are given fair and meaningful consideration.

## Background

Although the allegations in the petition are scant, generously construed, the petition seems to allege the following facts.  Frank Tieff was arrested by the Manchester Police Department on June 19, 2007.  During his transport to the police station, he was not read his Miranda rights and was not told the

reason he was being arrested. While at the police station awaiting booking, Tieff overheard the officers discussing what he should be charged with. Tieff was not provided with an attorney at the police station. On June 20, 2007, he was taken to the Manchester District Court where he was arraigned. Bail was set at $1000 cash or surety and a trial was scheduled in that Court for August 29, 2007. Tieff remained in jail for six days until he was able to post bail.

Tieff filed a petition for a writ of habeas corpus in the State courts, which was denied. The habeas petition filed here does not reveal what grounds were raised in the State court petition. Tieff appealed the denial of his State habeas petition to the New Hampshire Supreme Court. That Court declined Tieff's notice of appeal on September 14, 2007. This petition followed.

### Discussion

I. Custody

To be eligible for habeas relief, Tieff must show that he is (1) in custody and (2) has exhausted all State court remedies or that he is excused from exhausting those remedies because of an absence of available or effective State corrective processes. See 28 U.S.C. § 2254(a) & (b); see also Adelson v. DiPaolo, 131

F.3d 259, 261 (1st Cir. 1997) (citing authority to explain the exhaustion principle).  To petition a federal court for habeas corpus relief from a State court judgment, the applicant must be "in custody in violation of the Constitution or laws or treaties of the United States."  See Garlotte v. Fordice, 515 U.S. 39, 40 (1995) (citing 28 U.S.C. § 2254(a)); Maleng v. Cook, 490 U.S. 488, 490-91 (1989).  The "in custody" requirement is jurisdictional.  See Carafas v. LaVallee, 391 U.S. 234, 238 (1968).  While the habeas statute limits the availability of federal habeas review to those who are "in custody," that statute does not define the boundaries of "custody" or, by its own terms, limit "custody" to any particular situation.  See Jones v. Cunningham, 371 U.S. 236, 238 (1963).  Although habeas relief is not limited to those who are in actual physical custody according to a State court judgment, to be "in custody," an applicant for habeas relief must be subject to significant restraints on his liberty that are "not shared by the public generally."  Id. at 239-40.

The First Circuit has followed the Supreme Court in recognizing a number of situations where an applicant who is not in the physical custody of the State has nevertheless been

permitted to claim custodial status for purposes of requesting habeas relief.  <u>Lefkowitz v. Fair</u>, 816 F.2d 17, 19 (1st Cir. 1987) (citing <u>Justices of Boston Mun. Ct. v. Lydon</u>, 466 U.S. 294, 301 (1984) for the proposition that pretrial release on personal recognizance constitutes custody); <u>Hensley v. Mun. Ct., San Jose Milpitas Jud. Dist., Santa Clara County, Cal.</u>, 411 U.S. 345, 349-51 (1973) (release on personal recognizance pending execution of sentence constitutes custody); <u>Cunningham</u>, 371 U.S. at 240-43 (habeas petitioner on parole is in custody)).  The First Circuit has specifically found that custody requires, at least, some type of ongoing or continuing governmental supervision, and that "[h]e who seeks the writ must be incarcerated, or under imminent threat of incarceration, in order to meet the custody requirement of the habeas statute."  <u>Tinder v. Paula</u>, 725 F.2d 801, 803-04 (1st Cir. 1984).

    Petitioner here was initially incarcerated, and then released on bail conditions.  If petitioner is currently released on bail, he is in custody for purposes of determining his eligibility for federal habeas relief.  <u>See</u> <u>Lefkowitz</u>, 816 F.2d at 22 (petitioner who had been released on bail was technically in State's custody).  Furthermore, if he is presently

incarcerated, or subject to future incarceration, for the offense complained of, he is clearly in custody. As the petition does not make clear the basis upon which Tieff was in custody at the time the petition was filed, if in fact he was then in custody, I direct Tieff to amend his petition to demonstrate, with particularity, the basis upon which he claims to be in custody pursuant to a State court judgment.

II.  Exhaustion

A petitioner's remedies in New Hampshire are exhausted when the State's highest court has had an opportunity to rule on the petitioner's claims. See Lanigan v. Maloney, 853 F.2d 40, 42 (1st Cir. 1988) ("habeas corpus petitioner must have presented the substance of his federal constitutional claim[s] to the State appellate courts so that the State had the first chance to correct the claimed constitutional error"); see also Picard v. Connor, 404 U.S. 270, 275 (1971) (requiring petitioner to have fairly presented the federal nature of his claims to the State courts to give them the first opportunity to remedy the claimed constitutional error). However, Tieff's petition does not allege any specific violations of his federal rights, or whether or how

claims based on those violations have been exhausted in the State courts.

Tieff is directed to amend his petition to clearly state each of the claims he intends to raise in this action, and, for each claim raised, the precise federal right he claims has been violated.  Tieff is further directed to demonstrate how each of those claims, including the federal nature of the claims, has been exhausted in the State courts.  To do this, Tieff should file copies of all of the documents filed in the State courts, and the Orders issued therefrom, relating to the litigation and exhaustion of these claims, including, but not limited to, his trial court habeas petition and his notice of appeal filed in the New Hampshire Supreme Court.  See Smith v. Digmon, 434 U.S. 332, 333 (1978) (listing documents which would enable a federal court to determine whether the grounds supporting the habeas petition had been presented for review in the State courts).

## Conclusion

Tieff must amend his petition within thirty (30) days of the date of this Order to demonstrate, with particularity:

1.   The grounds upon which he claims to be in custody pursuant to a State court judgment;

    2.    The claims he seeks to pursue in this petition, including the precise federal right allegedly violated to give rise to each claim; and

    3.    How he has exhausted each of the claims he seeks to raise, including the federal nature of those claims, including documentation, demonstrating that exhaustion is complete.

Should Tieff fail to make a showing that he has exhausted his State court remedies for each of the grounds presented, or otherwise fail to comply with this Order, the petition may be dismissed for failure to demonstrate exhaustion.[1]  See 28 U.S.C. § 2254(b).

**SO ORDERED.**

_____
James R. Muirhead
United States Magistrate Judge

Date:    November 7, 2007

cc:    Frank M. Tieff, III, pro se

---

[1] If this petition were to be dismissed for failing to demonstrate exhaustion, the dismissal would be without prejudice as it would be procedural and not based on the merits of Tieff's claims. See Slack v. McDaniel, 529 U.S. 473 (2000).